UNITED STATES DISRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **JOHN BACH,** | |
| **Plaintiff,** | **Case No.** |
| **v.** | **Complaint and Jury Demand** |
| **ENERSYS DELAWARE, INC. d/b/a CORPORATION SERVICE COMPANY,** | |
| **Defendant.** | |

## INTRODUCTION

The Plaintiff, John Bach, sues the Defendant, Enersys Delaware, Inc., for violations of the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

## PRELIMINARY STATEMENT

1.      In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions or caring for others with serious medical conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4).  The FMLA provides eligible employees, like Plaintiff, with unpaid, job-protected leave in order to care for relatives in the event they are suffering from a serious medical condition. 26 U.S.C. § 2612(a)(1). An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work.  29 U.S.C. § 2614(a)(1).  Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to

discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA. 29 U.S.C. § 2615(a)(2).

2. Plaintiff is a former employee of Defendant who worked in Defendant's Richmond, Kentucky facility.

3. After being approved for intermittent FMLA leave, Defendant terminated Plaintiff's employment allegedly because Plaintiff abused his FMLA leave.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FMLA, and has authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201 et seq.

5. Venue properly lies in this judicial district under 28 U.S.C. § 1391 because Defendant does business in this judicial district, and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

6. At all times relevant to this action, Plaintiff was a resident of Madison County, Kentucky.

7. At all times relevant, Defendant was a foreign corporation, which has its principal place of business in Reading, Pennsylvania. Defendant owns and operates a facility in Richmond, Kentucky.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning covered under the FMLA.

10.     At all times material hereto, Defendant employed more than 50 employees for each working day in each of 20 or more calendar weeks within a 75-mile radius of the location where Plaintiff worked.

11.     Defendant is engaged in interstate commerce.

12.     Defendant was at all times required to comply with the Family Medical Leave Act.

13.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

14.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, because Plaintiff validly exercised his rights pursuant to the FMLA and Defendant interfered with Plaintiff's right to take FMLA leave, failed to properly account for his FMLA leave, and discriminated and retaliated against Plaintiff because he took FMLA leave to care for his wife with a serious health condition.

15.     Plaintiff began working for Defendant in November 2013.

16.     In November 2018, Plaintiff was approved for intermittent FMLA leave as he suffers from anxiety and panic disorder.

17.     In June 2019, the Defendant required Plaintiff to submit a recertification for FMLA leave. Plaintiff complied and was recertified for the same amount of intermittent leave as before.

18.     The day after Plaintiff submitted his recertification, however, human resources accused the Plaintiff of abusing his leave.

19.     Approximately two weeks later, Defendant disciplined Plaintiff for allegedly failing to timely report being bitten by a spider at work.

20.     In July 2019, Defendant told Plaintiff they had "conducted an investigation" and concluded that Plaintiff had taken unauthorized breaks and falsified Company documents. As a result of this investigation, Plaintiff's employment was terminated.

21.     Defendant terminated Plaintiff's employment without interviewing Plaintiff or otherwise conducting a thorough investigation.

22.     Defendant interfered with Plaintiff's right to family medical leave in violation of the FMLA, despite the fact that Plaintiff was eligible or would be eligible for such leave at the time the leave was needed.

23.     Defendant engaged in unlawful violations by suspending Plaintiff's employment based on unfounded accusations that Plaintiff was abusing his FMLA leave.

24.     Defendant's reason for Plaintiff's termination was pretextual.

25.     Defendant terminated Plaintiff in violation of his rights under the FMLA.

26.     Defendant fired Plaintiff, in whole or in part, because of his request for qualified leave.

27.     Defendant knew that Plaintiff was suffering from a serious health condition at the time of Plaintiff's termination.

### COUNT I –FMLA INTERFERENCE

28.     Plaintiff reincorporates paragraphs 1 through 27 as if fully stated herein.

29.     At all times relevant, Plaintiff was qualified for intermittent leave as he suffered from anxiety and panic disorder.

4

30.     Defendant's termination of Plaintiff prior to the expiration of his covered leave constitutes interference with Plaintiff's rights under the FMLA.

31.     Defendants' failure to reinstate Plaintiff to the same or similar position constitutes interference with Plaintiff's rights under the FMLA.

32.     Defendant's termination of Plaintiff because it knew Plaintiff would likely seek FMLA-covered leave in the future as a result of Plaintiff's medical condition constitutes interference with Plaintiff's rights under the FMLA.

33.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

34.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

35.     Defendant's violations of the FMLA were willful.

36.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

### COUNT II – FMLA RETALIATION

37.     Plaintiff re-alleges paragraphs 1 through 36 as if fully set forth herein.

38.     Defendant discriminated and/or retaliated against Plaintiff because he exercised his rights under the FMLA or attempted to exercise his rights under the FMLA.

39.     Defendant discriminated and/or retaliated against Plaintiff because he was likely to exercise his rights under the FMLA in the future.

40.     Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

41.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

42.     Defendant's discriminatory acts and omissions occurred, at least in part, because Plaintiff took FMLA-covered leave.

43.     Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

44.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

45.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

46.     Defendant's violations of the FMLA were willful.

47.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendant for violation of the FMLA; an award of damages, including but not limited to back pay, front pay, liquidated damages, attorneys' fees and costs and all other relief available under the FMLA; declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and all other just and proper relief in the premises.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: January 8, 2020.

Respectfully submitted,

/s/ *J. Corey Asay*
J. Corey Asay
Morgan & Morgan
333 W Vine St., Ste 1200
Lexington, KY 40507
Tel: (859) 286-8368
Fax: (859) 286-8384
Email: casay@forthepeople.com

*Counsel for Plaintiff*